UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-256-MOC-DCK

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| AGUSTIN BUENO-ROJO, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 124). Because Defendant is serving the minimum sentence required by 21 U.S.C. § 841(b)(1)(A), he is ineligible for sentence reduction, and the Court will deny his motion.

I.   **Background**

Between 2017 and 2019, Defendant Rojo worked for a drug-trafficking organization operating out of Mexico and Atlanta distributing methamphetamine in Union County, North Carolina. (Doc. No. 62 ¶¶ 16, 18–37). Rojo, based in Atlanta, worked with an associate in Mexico to arrange for deliveries of methamphetamine in Georgia and North Carolina. (Id. ¶ 25). Rojo also directed that drug proceeds be wired to his Mexican associate. (Id. ¶ 26).

A federal grand jury indicted Rojo and charged him with conspiracy to distribute and possession with intent to distribute at least 500 grams of methamphetamine, 21 U.S.C. § 846, and possession with intent to distribute at least 50 grams of actual methamphetamine, 21 U.S.C. § 841(a)(1). (Doc. No. 38). Rojo entered into a plea agreement with the United States and pleaded guilty to the conspiracy offense. (Doc. No. 39; Doc No. 45). Rojo stipulated to a reasonably foreseeable amount of methamphetamine between 1.5 and 4.5 kilograms. (Doc. No. 39. ¶ 8(a)).

1

The probation office submitted a presentence report calculating a total offense level of 35. (Doc. No. 62 ¶ 52). The United States moved for a downward departure of four offense levels under Sentencing Guidelines § 5K1.1 but did not move for a sentence below the mandatory minimum as authorized by 18 U.S.C. § 3553(e). (Doc. No. 105; Doc. 107 at 2). The Court granted the United States' § 5K1.1 motion and departed downward one additional offense level to a total offense level of 30. (Doc No. 107 at 2). Following the Court's departure, Rojo still faced a statutory mandatory-minimum sentence of 120 months in prison. (Id. ¶ 82; see also 21 U.S.C. § 841(b)(1)(A)).

Based on a total offense level of 30, a criminal-history category of II, and an advisory guideline range of 108 to 135 months in prison, the Court sentenced Rojo to 120 months' imprisonment. (Doc. 106 at 2). The Court explained that this mandatory-minimum sentence, see 21 U.S.C. § 841(b)(1)(A)(viii), was "sufficient but not greater than necessary to achieve the purposes of sentencing." (Doc. 107 at 2).

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that

adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is ineligible for sentence reduction under Amendment 821. True, Defendant received two criminal history points for committing his drug-trafficking offense while under a criminal justice sentence. True again, Defendant would not receive those criminal history points

3

under Amendment 821, because he received fewer than seven criminal history points related to his prior convictions. Under Amendment 821, based on a total offense level of 30 and a criminal history category of I, Defendant's guideline range would be reduced to between 97 and 121 months' imprisonment. Even so, Defendant would remain subject to the 10-year mandatory minimum dictated by 21 U.S.C. § 841(b)(1)(A). And because the United States did not move for a downward departure from that mandatory minimum under 18 U.S.C. § 3553(e), this Court lacks authorization to reduce Defendant's sentence below 120 months. Defendant is therefore ineligible for sentence reduction under Amendment 821, and his motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 124) is **DENIED.**

Signed: August 7, 2024

Max O. Cogburn Jr
United States District Judge